# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JERRY H. LANDRUM                                    CIVIL ACTION

VERSUS                                                      NO. 11-424-SDD-RLB

COSCO (aka COSCO HOME AND
OFFICE FURNITURE, a division
of Dorel Industries)

## RULING

Before the Court is the Defendant, COSCO Home & Office Products (COSCO), *Motion in Limine No. 1 to Exclude Evidence of Any Undisclosed Expert Opinions*[1]. The Motion is opposed[2].

## I.      STATEMENT OF FACTS

This is a diversity suit arising under the Louisiana Product's Liability Act ("LPLA"). Plaintiff alleges that on May 29, 2010 he was injured when a folding chair manufactured and sold by COSCO, on which he was seated, collapsed and fell to the ground.

## II.     PROCEDURAL HISTORY

Plaintiff filed this product liability action alleging that a folding chair manufactured by COSCO was defective in design and construction, which defects caused the chair to collapse and the Plaintiff to fall and sustain injuries.[3]

This Court has previously granted summary judgment on the Plaintiff's manufacturing defect claim.[4] The Plaintiff's design defect claim remains.

---

[1] Rec. Doc. 60.
[2] Rec. Doc. 65.
[3] Rec. Doc. 15.
[4] The Court found that "Landrum has not produced any evidence to support of claim for a manufacturing defect."

Important to the *Motion in Limine* presently before the Court is the Court's previous *Ruling*[5] on the Defendant's *Motion to Strike the Affidavit of Plaintiff's Expert, Claude Mount*[6] offered by the Plaintiff in opposition to the Defendant's *Motion for Summary Judgment.*[7]   The Court previously struck from the Plaintiff's expert's affidavit the following:

> a) Despite being essential for even marginal performance of the inferior COSCO Model 14-T16 design, the saddle plug is not mentioned in the Quality Requirements for that metal folding chair;
>
> b) Moreover, the Production Specifications for the Model 14-T16 contain only a general statement regarding the fit of plastic parts, but no detailed requirement for the very critical saddle plug;
>
> c) The apparent insignificance of the saddle plug to COSCO is further demonstrated by the lack of any records that document Production Testing of the very presence, quality of fit, or pull-out characteristics of that important part.[8]

This is the law of the case.  Plaintiff's expert, Claude Mount, is precluded from testifying on these points.

## III.    RELIEF REQUESTED

In its *Motion in Limine*, the Defendant moves the Court to preclude the Plaintiff's expert, Claude Mount, from providing testimony or opinions of the following: (1) a folding chair that incorporates any of Mount's suggested design considerations; (2) the feasibility or cost of manufacturing a chair with a saddle tip with a crimp, pin, dimple, or barb; (3) an adhesive that might have held the saddle plug in place; (4) the feasibility or cost of manufacturing a chair with a saddle plug attached with adhesive; (5) opinions regarding COSCO's Quality Requirements, Product Specifications and Testing.

---

[5] Rec. Doc. 36.
[6] Rec. Doc. 26.
[7] Rec. Doc. 23.
[8] Rec. Doc. 36, p. 4.

## IV.   ANALYSIS

The only legal claim remaining is that the subject chair was unreasonably dangerous in design. Under the LPLA:

> "A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:
>
> > (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
> >
> > (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. La. R.S. 9:2800.56.

To prevail in a design defect product liability claim, the plaintiff must establish that "safer alternative designs were in existence at the time [the chair left the manufacturers control] and that the risk avoided by such designs outweighed the burden of adopting the designs."[9]   Generally, a claimant must identify a specific alternative design for the allegedly dangerous product that was capable of preventing the injury complained of and perform the requisite risk-utility analysis.[10]

### A.   Testimony regarding a folding chair that incorporates Mount's suggested design modifications

Plaintiff's expert is critical of the chair design in two respects: (1) the saddle plug that was not securely inserted into the leg tube; and (2) the chair legs were of insufficient wall thickness.   With respect to the thickness of the chair leg tubes, Mount

---

[9] *Morgan v. Gaylord Container Corp.*, 30 F.3d 586, 590 (La. App. 5th Cir. 1994).
[10] *United Fire Group v. Duro-Last, Inc.*, 2006 W.L. 2620206, citing *Milton v. Rapiscan Sec. Products*, 2005 W.L. 1400433 (EDLA 2005) and *Krummel v. Bombardier Corp.*, 206 F.2d 548, 551 (La. App. 5th Cir. 2000).

refers to "a similar style folding chair by FDL [that] has a thicker wall leg tube."[11]   Mr. Mount's report compares the subject chair with a chair by FDL and, thus, with respect to his suggested design considerations for chair leg tubes, Mr. Mount will be permitted to testify about the FDL folding chair referenced in his report.

With respect to the failure of the saddle plug to have a crimp, pin, or dimple as a means of better securing it to the leg or alternatively adhesive, Mount will be precluded from testifying about other folding chairs in the industry which may actually incorporate his design suggestions since this was not addressed in his report.  However, the Court is mindful that by relying on "background knowledge and 'common sense' [the jury may] 'fill in the gaps' in the plaintiff's case, estimating the extent of risk avoided, the cost of implementing the proposed design change, or the adverse effects of the design modification on the utility of the [chair]."[12]

### B.   The feasibility or cost of manufacturing a chair with the saddle tip with a crimp, pin, dimple, or barb

For the same reasons, Plaintiff's expert, Claude Mount, is precluded from testifying regarding the feasibility or cost of manufacturing a chair with a saddle tip containing a crimp, pin, dimple, or barb as a means of providing a more secure connection between the saddle tip and the tubular leg.   Mount's report was clearly critical of the saddle plug indicating that the "remaining saddle plugs could be turned by hand."[13]   Mount's report criticizes the absence of "barbs or ridges to prevent pullout once inserted" and he will be permitted to testify to same.   Based on background

---

[11] Rec. Doc. 60-2, Mount Report 2120509, p. 2.
[12] *Lavespere v. Niagra Machine & Tool Works, Inc.,* 910 F.2d 167, 184 (La. App. 5th Cir. 1990), *reversed on other grounds.*
[13] Rec. Doc. 60-2, p.3.

knowledge and common sense, the jury may be able to "fill in the gaps" regarding the feasibility and cost of implementing a saddle tip with barbs or ridges, etc.[14]

**C.     The feasibility or cost of manufacturing a chair with a saddle plug attached with adhesive**

The Plaintiff's expert is precluded from testifying as to the cost and/or feasibility of securing the saddle plug with adhesive.   However, again, the jury may apply its common sense with respect to the cost of adhesive and the attendant risk avoidance if any.

**D.     Opinions regarding COSCO's Quality Requirements, Product Specifications and Testing**

For the reasons set forth in the Court's *Ruling*[15] on the Defendant's *Motion to Strike the Affidavit of the Plaintiff's Expert*, Claude Mount is precluded from offering opinions regarding COSCO's Quality Requirements, Product Specifications and Testing.

For the foregoing reasons, the Defendant's *Motion in Limine No. 1* to exclude evidence of any undisclosed expert opinions is GRANTED in part and DENIED in part as set forth herein.

Baton Rouge, Louisiana the *31* day of October, 2013.

*Shelly Dick*

**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[14] *Lavespere* at Note 11.
[15] Rec. Doc. 36.