UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JERRY H. LANDRUM                                CIVIL ACTION

VERSUS                                          NO. 11-424-SDD-RLB

COSCO (aka COSCO HOME AND
OFFICE FURNITURE, a division
of Dorel Industries)

## RULING

Before the Court is the Defendant's, COSCO Home & Office Products (COSCO), *Motion in Limine No. 2*[1] *Seeking an Adverse Instruction for Spoliation of Evidence*. The motion is opposed[2].

### I. STATEMENT OF FACTS

A summary of the relevant facts in this case has been previously elucidated by this Court in prior *Ruling*[3].

### II. RELIEF REQUESTED

In the instant motion, the defense moves the Court to find that the Plaintiff spoliated evidence. Specifically, the Defendant contends that the left saddle tip[4] has been removed and had been partially reinserted into the left rear leg. The Defendant maintains that the left saddle tip is no longer "in its original, installed condition" which the Defendant contends was the "best remaining evidence of how its twin was installed at the time of manufacturer."[5]

---

[1] Rec. Doc. 63.
[2] Rec. Doc. 64.
[3] Rec. Doc. 68.
[4] a duplicate of the right saddle tip which was alleged to be missing and alleged to be the cause of the accident and resulting injury at issue in this case.
[5] Rec. Doc. 63-1, pp. 3-4.

The Defendant moves the Court for an adverse instruction to the jury on the grounds of alleged spoliation.

## III. ANALYSIS

A spoliation instruction is only warranted if the moving party can establish that the opposing party had an obligation to preserve the evidence in question, the opposing party destroyed the subject evidence in bad faith, and the destroyed evidence is relevant to a claim or defense of the moving party. "The theory of spoliation of evidence refers to an intentional destruction of evidence for [the] purpose of depriving opposing parties of its use."[6] The Fifth Circuit only permits an adverse inference sanction against a destroyer of evidence upon a showing of "bad faith" or "bad conduct."[7]

The left saddle tip "was in its as-installed position when [Defendant's expert] first inspected the chair on August 12, 2011."[8] At the time of defense expert's second inspection of the subject chair, on March 20, 2013, "the left saddle tip had been removed and had been partially reinserted into the left rear leg".[9] Thus, the left saddle tip was allegedly removed and partially reinserted sometime between August 12, 2011 and March 20, 2013. In that intervening time period, the subject chair was examined and evaluated by the Plaintiff's expert, Mr. Claude Mount[10]. From this chronology, the defense argues that the chair which is the subject of this lawsuit was altered to the point that the evidence was destroyed and was destroyed in bad faith.

---

[6] *Burge v. St. Tammany Parish Sheriff's Office*, 2000 WL 815879, at *3 (E.D.La.2000); *St. Tammany Parish Hosp. Serv. Dist. No. 1 v. Travelers Prop. Cas. Co. of Am.*, 250 F.R.D. 275, 277 (E.D. La. 2008)
[7] *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191 (5th Cir.2005). *King v. Illinois Cent. R.R.*, 337 F.3d 550 (5th Cir.2003); *United States v. Wise*, 221 F.3d 140, 156 (5th Cir.2000).
[8] Rec. Doc. 60, Exhibit A, p. 1.
[9] *Id.*
[10] Mr. Mount's report is dated August 20, 2012, Rec. Doc. 60-2.

The Court does not find that evidence was destroyed. The evidence, though apparently somewhat altered, remains available for trial. The experts can adequately explain the condition of the left saddle tip at the time of trial as compared to the condition of the left saddle tip when first inspected by the parties' respective experts.

Furthermore, the Court finds no prejudice to the Defendant. Particularly, in light of the fact that the Defendant's expert will apparently offer the partially reinserted left saddle tip as evidence favorable to COSCO's defense. The defendant's expert opined:

> "[the saddle tip was] tightly affixed to the leg tubing in its as-manufactured condition. The deep gouges on the portion of the saddle tip that was inside the leg tubing in its as-installed condition show that considerable force was required to install and remove the saddle tip. Also, the left saddle tip on the subject chair was not completely re-installed after its initial removal and I verified that considerable force would be required to completely reinstall the left saddle tip to its as-manufactured position on the chair leg. The initial removal of the left saddle tip must have been at least as difficult as it would be to reinstall the left saddle tip."[11]

The Defendant's expert uses the condition of the reinstalled left saddle tip to draw the conclusion that "the right saddle tip would have been equally as difficult to remove from the subject chair as was the left saddle tip."[12]

For the foregoing reasons, the Defendant's *Motion in Limine No. 2 Seeking an Adverse Instruction for Spoliation of Evidence*[13] is hereby DENIED.

Baton Rouge, Louisiana the /  day of November, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[11] Rec. Doc. 63-2, p. 2.
[12] Rec. Doc. 63-2, p. 3.
[13] Rec. Doc. 63.