# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JERRY H. LANDRUM                                    CIVIL ACTION

VERSUS                                                   NO. 11-424-SDD-RLB

COSCO (aka COSCO HOME AND
OFFICE FURNITURE, a division
of Dorel Industries)

## RULING

Before the Court are Defendant's, COSCO Home & Office Products (COSCO), *Motions in Limine No. 3[1], No. 4[2], No. 5[3]*, No. 6[4], No. 7[5]. The motions are unopposed.

## I.      STATEMENT OF FACTS

A summary of the relevant facts in this case has been previously elucidated by this Court in prior *Ruling*[6].

## II.     RELIEF REQUESTED

In its *Motion in Limine No. 3*, Defendant moves to exclude evidence of allegedly similar incidents, lawsuits and complaints.   Any evidence of similar incidents is admissible only if shown to be substantially similar to the events in the case before the Court.[7]   The Court is also mindful that evidence of "anecdotal stories and/or internet reports" would constitute inadmissible hearsay.   Accordingly, Defendant's *Motion in Limine No. 3*[8] is GRANTED.

---

[1] Rec. Doc. 55.
[2] Rec. Doc. 56.
[3] Rec. Doc. 57.
[4] Rec. Doc. 58.
[5] Rec. Doc. 59.
[6] Rec. Doc. 68.
[7] *Mitchell v. Fruvhauf Corp.*, 568 F.2d 1139, 1147 (5th Cir. 1978).
[8] Rec. Doc. 55.

In its *Motion in Limine No. 4*, Defendant moves to exclude evidence of chair manufacturing quality and references to manufacturing in China.  Insofar as the Court has previously dismissed the Plaintiff's manufacturing defect claim[9], the Court is persuaded that reference to the locale of manufacturing is irrelevant if offered for the purposes of suggesting inferior manufacturing processes.  Defendant's *Motion in Limine No. 4*[10] to exclude evidence that the chair was manufactured in China and evidence of the chair manufacturing process is GRANTED, if offered for purposes of proving inferior manufacturing processes.

Defendant's *Motion in Limine No. 5* moves the Court to exclude evidence of recalls or investigations of different products manufactured or sold by COSCO.  The Defendant argues that "there were no recalls, investigations, or fines relating to the subject Model 14-716 folding chair."   The Court cannot make this factual determination and, therefore, the Defendant's Motion is premature.   Thus, Defendant's *Motion in Limine No. 5*[11] is DENIED as premature reserving to the Defendant the opportunity to object to such evidence at trial.

By way of *Motion in Limine No. 6* [12], the Defendant moves to exclude evidence related to the profit margin on the subject chair.  The Court finds the Defendant's *Motion in Limine No. 6* to be premature.  Thus, the Court DENIES the motion reserving to the Defendant the opportunity to make objections at the time of trial.

---

[9] Rec. Doc. 35.
[10] Rec. Doc. 56.
[11] Rec. Doc. 57.
[12] Rec. Doc. 58.

In *Motion in Limine No. 7*[13], Defendant moves to exclude "evidence of COSCO Home & Office Products' assets or the expense of generating evidence, and certain references to its counsel".   Defendant cites no discovery or prior proceedings in this case which would suggest that the Plaintiff intends to offer evidence of COSCO's assets or the expense of generating evidence.   The Court hereby DENIES COSCO's *Motion in Limine No. 7* as premature reserving unto COSCO the right to make appropriate objections at trial.

Baton Rouge, Louisiana the ___ day of November, 2013.

*Shelly Dick*

**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] Rec. Doc. 59.